JANE STIRLING v. THEODORE A. HEINTZMAN.

*Partnership—Amendment of pleading by inserting names of partners.*

A partnership must contain more than one person.

Comp. L., § 5307, permits a partnership suit to be instituted in the firm name if the names of the partners are not known, and allows of amendment at any time before the pleadings are closed, by inserting the names of the partners. *Held* that this can only apply in cases of actual partnership; and where a writ of replevin was issued in a partnership name, and the amendment showed that there was only one plaintiff, the action failed.

Error to Wayne. Submitted Jan. 7. Decided Jan. 13.

REPLEVIN. Defendant brings error.

*James H. Pound* for plaintiff in error.

*Joslyn & Freeman* for defendant in error.

CAMPBELL, J. This case comes up on certiorari to review a judgment of a justice of the peace, affirmed by the circuit court for the county of Wayne, and brought into this court by writ of error.

The original action was replevin brought to recover possession of a piano averred in the affidavit to belong to Messrs. Heintzman & Co., of Toronto, Ontario. The affidavit was made by John D. Standish, who set forth that he acted as their agent. A bond was given in which they were described as principals, as "Messrs.

42 MICH.—57.

Heintzman & Co. of Toronto," Standish and Charles H. Freeman being described and signing as sureties, and Heintzman & Co. signing and sealing by Standish as their agent.

The writ of replevin required the property to be taken and delivered to Heintzman and Co., plaintiffs, it being recited that the names of the individual partners were not known.

On the return of the writ the justice states that plaintiff appeared by Standish, and on his motion "the title of the said cause was amended by inserting the correct name of the plaintiffs as follows: Theodore Auguste Heintzman, doing business under the name and style of Heintzman & Co." It does not otherwise appear what was amended. Standish thereupon orally declared for the detention of the piano and gave testimony of property in the plaintiff and that Mrs. Stirling had hired it from him under a written contract, which is appended to the return of the justice, and which was a purchase lease purporting to be from Messrs. Heintzman & Co. The return contains no evidence of the identity of the present plaintiff with Heintzman & Co.

Several questions are presented, but as there is a fatal objection lying at the foundation of the action, the minor questions need not be considered.

The writ of replevin purports on its face to be issued in favor of a partnership, and sets up that their individual names are not known. The amendment whereby Theodore Auguste Heintzman was substituted for Heintzman & Co. was made under section 5307 of the Compiled Laws, which provides that in actions by or against a copartnership, if the names of all the several partners are not known, such suit may be commenced in the partnership name, and may be amended at any time before the pleadings are closed, by inserting the names of the parties composing the partnership.

This section can only apply to cases where there is a partnership. It can have no reference to a case where

there is but a single person who uses a name indicating a partnership which really does not exist. In the present case, there is now but one plaintiff and it is insisted on his behalf that he constitutes the firm of Heintzman & Co. But there can be no such thing as a partnership with only one member. The effect of the amendment was not only to negative the partnership set up in the writ of replevin, but also to change a joint claim into a sole claim against Mrs. Stirling. There is no statute which authorizes any such practice. The case declared on was repugnant to that on which the writ issued.

This being so, the whole case falls to the ground, and the other points need not be noticed. The judgments of the justice and circuit court must be reversed with costs of all the courts.

The other Justices concurred.