VOIGT BREWERY CO. v. PACIFICO.

1. PARTIES—AMENDMENT—NEW PLAINTIFF.
    Where an action is begun in a name that imports a limited partnership, an amendment is not allowable which introduces an individual trading under that name.

2. SAME—FAILURE TO NAME PLAINTIFF—PLEA IN ABATEMENT.
    Naming a limited partnership, which in fact has no existence, instead of the individual trading under that name, is not a misnomer, but a failure to name the true plaintiff, which is fatal upon trial, though not pleaded in abatement.

Error to Wayne; Hosmer, J. Submitted February 10, 1905. (Docket No. 134.) Decided March 7, 1905.

Summary proceedings by the Voigt Brewery Company, Limited, against Louis (Luciano) Pacifico to recover the possession of a certain building. There was judgment for defendant on verdict directed by the court, and complainant brings error. Affirmed.

*Bowen, Douglas, Whiting & Murfin,* for appellant.

*James H. Pound,* for appellee.

HOOKER, J. Chester, the owner of a tenement in Detroit, leased it from month to month to Pacifico, a saloon keeper. Pacifico purchased beer of the Mutual Brewery Company of Detroit, and was indebted to it for money advanced to pay his license as a saloon keeper. Mr. Voigt was a brewer doing business under the name of the Voigt Brewery Company, Limited; and in June, 1903, an agent of Voigt (one Preetz) induced Pacifico to sell Voigt's beer. It was agreed that Voigt should lease the place of Chester, fit up the saloon with better fixtures, and advance Pacifico some money. Chester was to indorse a note

therefor, and should receive $32 per month from Pacifico for rent, and he (Pacifico) should sell the Voigt beer. Voigt took a lease from Chester, running to the Voigt Brewery Company, Limited; and Pacifico signed a note for $416, in which Chester was payee, which, being indorsed in blank by Chester, was handed over with the lease to Voigt's agent. These papers were executed and delivered at a meeting of all the parties. Pacifico re- mained in the premises, but a few days later concluded not to sell Voigt's beer, refused to receive the fixtures, repudiated the arrangement, and refused to pay rent to Voigt. Thereupon Voigt caused a notice to quit to be served. This notice was signed, "The Voigt Brewery Co., Limited." The foregoing is the substance of the complainant's evidence. No testimony was offered by the defendant, and the court directed a verdict for the defendant upon motion, the ground of which was that the evidence showed that there was no party complainant before the court, in whose favor a judgment could be rendered.

When this motion was made, counsel for the complainant stated that this question was not raised upon the trial before the commissioner, and asked leave to amend the process to make it run in the name of Edward W. Voigt, doing business as the Voigt Brewery Company, Limited. The court said:

"This is not an ordinary suit at common law. The right does not extend, as in the case of an ordinary personal action. There is no sufficient complaint filed in the court below to authorize the commissioner to start a suit in behalf of Edward W. Voigt, and I do not think, under these circumstances, that an amendment can be allowed so as to give validity to the process which would originally be void. I have a grave doubt whether, in the case which Mr. Pound has cited, that an amendment would be, in any event, proper; and, in a case of this description, it seems to me it would be statutory, and I think it would be better, to start an action. Well, gentlemen of the jury, for the reasons that I have assigned, you will render a verdict for the defendant."

The record shows that there was no such partnership as the Voigt Brewery Company. There was then an action begun without a party plaintiff, for there, was no such person as the Voigt Brewery Company. It was not and could not be the name of a natural person. See *Stirling* v. *Heintzman*, 42 Mich. 449. The trial judge thought that the case could not proceed for want of a party plaintiff, and it did not err in holding that one could not be introduced by amendment under such circumstances. Id. Again, if the Voigt Brewery Company had been a valid copartnership, and .was correctly named as plaintiff, an amendment by substituting the name of a single person would have been the substitution of a different party, not the same party in interest. This is not a question of misnomer, as possibly it might be called if the proposal had been to amend by substituting the names of all the copartners, as copartners, for the partnership name of an existing copartnership. It is a failure to name the true plaintiff, and need not be raised by plea in abatement. Like a case of nonjoinder or misjoinder of a plaintiff, it is fatal upon the trial.

The judgment is affirmed.

Carpenter, McAlvay, Grant, and Montgomery, JJ., concurred.