PARKE, DAVIS & CO. *v.* GRAND TRUNK RAILWAY SYSTEM.

1. PLEADING—AMENDMENTS—PARTIES— SUBSTITUTION — SERVICE OF PROCESS.

Where suit was commenced against the Grand Trunk Railway System, under the erroneous impression that it was a corporation, while in reality it was only an operating name used by the real defendant, the Grand Trunk Railway Company of Canada, a motion to amend the pleadings, after plaintiff had made its case on the merits, by substituting the name of the real defendant for the one named was properly denied, in the absence of evidence that service was made upon an officer of the real defendant.

2. SAME—GENERAL ISSUE—WAIVER BY COUNSEL.

It cannot be said that defendant's counsel waived the defect by pleading the general issue, where it nowhere appears that he was in court on that particular occasion representing the real defendant; the plea being filed for the defendant named in plaintiff's declaration.

Error to Wayne; Tappan, J., presiding. Submitted June 5, 1919. (Docket No. 60.) Decided October 6, 1919.

Case by Parke, Davis & Company against the Grand Trunk Railway System for the negligent killing of plaintiff's horse. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*George J. Haines* (*Charles M. Woodruff*, of counsel), for appellant.

*Harrison Geer*, for appellee.

BIRD, C. J. The Michigan Air Line Railroad Company, which extends from Richmond to Jackson, passes through plaintiff's farm in Oakland county. One of its horses passed on to the railway right of way and track, by reason of a defective fence, and was run down and killed by a passing train. Plaintiff brought suit against the Grand Trunk Railway System to recover its damages. Suit was commenced by declaration and the return of service indorsed thereon shows the following:

"STATE OF MICHIGAN, } ss.
  "County of Wayne,   }
  "I hereby certify and return, that on the 11th day of May, A. D. 1917, I served the declaration of which the within is a copy, on Grand Trunk Railway, the defendant named in said declaration, by delivering to George W. Alexander, local treasurer of said railway, said defendant, at the city of Detroit, in said county of Wayne, a true copy thereof and of the foregoing rule to plead, the notice relating thereto, together with a true copy of the notice to appear and plead, attached thereto as hereto attached.
                    (Signed) "EDWARD F. STEIN,
                         "Sheriff of Wayne County.
                    "By EDMOND A. LODGE,
                    "Deputy Sheriff of said county."

Harrison Geer, of Detroit, an attorney, filed a plea of the general issue on ·behalf of the Grand Trunk Railway System. Later the matter came on for trial and after plaintiff had made its case on the merits the showing was made by attorneys Geer and Williams that the Michigan Air Line Railroad was one of several independent Michigan railway corporations which were being operated by the Grand Trunk Railway Company of Canada, but that George W. Alexander upon whom service was made was not local treasurer of the Grand Trunk Railway Company of Canada but was secretary of the Michigan Air Line Railroad Company. It was further shown that these Michigan lines of railway so owned and controlled by the Grand Trunk Railway Company of Canada were operated under the name of the Grand Trunk Railway System but that said Grand Trunk Railway System was not a 'corporation but was simply an operating name used for convenience. It further appeared that Harrison Geer, who filed the plea, was the attorney for the Grand Trunk Railway Company of Canada and had been for upwards of 20 years.

Upon this showing a motion was made by counsel for a directed verdict in behalf of defendant. At this stage of the proceedings plaintiff asked permission of the trial court to amend the proceedings by striking out the name of the defendant "The Grand Trunk Railway System" and substituting therefor the name of "The Grand Trunk Railway Company of Canada." The conclusion of the trial court was that plaintiff's motion to amend should be denied and that defendant's motion for a directed verdict should be granted. Plaintiff brings error.

1. Several errors are assigned. The important one is the assignment directed at the refusal of the court to grant the amendment. Counsel invoke the rule

which has prevailed in many reported cases that where the right party has been sued by the wrong name and service has been made upon the right party, the proceedings are amendable by substituting the name of the right party. This rule is well stated in 31 Cyc. p. 487, as follows:

"As a general rule, under the statutes, a misnomer of a plaintiff or defendant is amendable unless the amendment is such as to effect an entire change of parties. But where the right corporation has been sued by the wrong name and service has been made upon the right party, although by a wrong name, an amendment substituting the true name of the corporation may be permitted. * * * Where a corporation is known by several names and is sued under one of them, an amendment placing the fact of the identity of the corporation in issue is proper."

This rule was followed in *Daly* v. *Blair*, 183 Mich. 351, cited by plaintiff's counsel.

In applying this rule, great care should be exercised to see that the right party has been served with process. Herein lies the inherent weakness of plaintiff's position. Plaintiff asked the trial court for permission to amend by substituting the name of the Grand Trunk Railway Company of Canada. It is clear that this permission should not be granted unless the Grand Trunk Railway Company of Canada had been served with process. The return shows that service was made upon George W. Alexander, local treasurer of the Grand Trunk Railway Company of Canada, but the uncontradicted proofs show that he was not local treasurer of the Grand Trunk Railway Company of Canada but was secretary of the Michigan Air Line Railroad Company. It is not shown that George W. Alexander was an official of the Grand Trunk Railway Company of Canada, or that he was even its agent. It is true a showing was made that the Grand Trunk

Railway Company of Canada was the lessee of the Michigan Air Line Railroad and that George W. Alexander was its secretary, but that proof would not make Alexander an official or an agent of the Grand Trunk Railway Company of Canada. This will clarify if we keep in mind that both, the lessor and lessee, are independent corporate entities. Had counsel asked to amend by substituting the name of the Michigan Air Line Railroad Company for the Grand Trunk Railway System, he would have been in a much better position to have urged the application of this rule because service was made upon the secretary of that company and the damage occurred on that company's road. The cases which counsel cite in support of their argument are cases, so far as the record shows, in which service was made upon the right party but by wrong name. Such a case is *Daly* v. *Blair, supra.* We are of the opinion that the trial court was right in refusing the amendment because plaintiff's proofs did not show that service was made upon the party which he offered as a substitute defendant.

2. Plaintiff also urges that defendant's counsel waived the defect by pleading the general issue. We think not. Counsel filed a plea for the defendant named in plaintiff's declaration, namely, the Grand Trunk Railway System, and while it was shown that there was no such corporate entity as the defendant named, and that Mr. Geer was attorney for the Grand Trunk Railway Company of Canada, it nowhere appears that he was in court representing the Grand Trunk Railway Company of Canada. Mr. Geer was a witness and was cross-examined by plaintiff's counsel. There seems to have been no good reason why Mr. Geer should not have been asked the direct question, whether he was representing the Grand Trunk Railway Company of Canada when he filed the plea. The question, however, was not asked and the proofs

fail to show that Mr. Geer was representing that company on that particular occasion.

The judgment of the trial court is affirmed.

MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.

The late Justice OSTRANDER took no part in this decision.