PER CURIAM.
In this case, plaintiffs attorney erroneously named plaintiff, instead of his bankruptcy trustee, as the plaintiff in this lawsuit. After the period of limitations expired, defendants moved to dismiss the case, pointing out the failure to name plaintiffs bankruptcy trustee in the lawsuit. Plaintiff filed a motion to amend the complaint to substitute the bankruptcy trustee as plaintiff, but the trial court dismissed the lawsuit. The Court of Appeals affirmed. We likewise affirm. MCR 7.302(G)(1). In doing so, we adopt as our own the following unpublished opinion per curiam of the Court of Appeals, issued February 16, 2006 (Docket No. 256676).
Plaintiff appeals as of right from the trial court order denying his motion to amend his complaint and granting defendants’ motion for summary disposition pursuant to MCR 2.116(C)(5) based on lack of standing. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).
Plaintiffs complaint alleged that on December 28, 2000, defendant Kevin Paperd was operating an automobile that was owned by one or more of the remaining defendants when he negligently struck plaintiffs vehicle, causing plaintiff to suffer a serious impairment of an important body function and/or serious permanent disfigurement. Defendants sought summary disposition pursuant to MCR 2.116(C)(5), contending that plaintiff was not the real party in interest and lacked standing to sue. Defendants alleged that plaintiff had filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code [11 USC 701 et s eq.\ on March 6, 2002, and that all of plaintiffs rights regarding the December 28, 2000, accident were therefore transferred to the bankruptcy trustee, who was the sole party who could pursue the lawsuit.
*105 In response, plaintiff filed a motion for leave to file an amended complaint in order to correct the “misidentification” of the named plaintiff. Plaintiff stated that Wendy Turner Lewis, the trustee for his bankruptcy estate, had authorized plaintiffs counsel to file a complaint on behalf of the bankruptcy estate, and that counsel, through no fault of plaintiff or Lewis, had misidentified the plaintiff.
The trial court entered an order denying as futile plaintiffs motion to amend and granting defendants’ motion for summary disposition, stating:
“There is no dispute the real party in interest is the bankruptcy trustee, not Plaintiff. Thus, the issue is whether Plaintiff should be granted leave to amend to add the bankruptcy trustee.
“Under MCR 2.118(A)(2), leave to amend pleadings should be freely given when justice so requires. Leave to amend should be denied only for particularized reasons, such as undue delay, bad faith or dilatory motive on the movant’s part, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, or where amendment would be futile. Ben [P] Fyke & Sons v Gunter [Co], 390 Mich 649; 213 NW2d 134 (1973). In [Employers Mut Cas Co v Petroleum Equipment, Inc, 190 Mich App 57, 63; 475 NW2d 418 (1991)], the court held that ‘Although an amendment generally relates back to the date of the original filing if the new claim asserted arises out of the conduct, transaction, or occurrence set forth in the original pleading, MCR 2.118(D), the relation-back doctrine does not extend to the addition of new parties.’
“The court is satisfied that because the bankruptcy trustee was the real party in interest prior to the filing of the Complaint, this is a motion to add a party and is not merely a request to correct a misnomer. Thus, the court finds that based on the binding precedent in Employers, the amendment would be futile as the addition of the new party cannot relate back to the original Complaint.”
MCR 2.201(B) provides that, generally, “[a]n action must be prosecuted in the name of the real party in *106 interest.“A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another.” Blue Cross & Blue Shield of Michigan v Eaton Rapids Comm. Hosp, 221 Mich App 301, 311; 561 NW2d 488 (1997). “This standing doctrine recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy.’’[City of Kalamazoo v Richland Twp, 221 Mich App 531, 534; 562 NW2d 237 (1997). It is undisputed that the bankruptcy trustee is the real party in interest and that she should have been named as the plaintiff.1a
MCR 2.118(A)(2) provides that leave to amend a pleading “shall be freely given when justice so requires.” But “leave to amend a complaint may be denied for particularized reasons, such as ... where amendment would be futile.” Hakari v Ski Brule, Inc, 230 Mich App 352, 355; 584 NW2d 345 (1998).
MCR 2.118(D) provides:
“An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.”
However, “[t]he relation-back doctrine does not apply to the addition of new parties.” Cowles v Bank West, 263 Mich App 213, 229; 687 NW2d 603 (2004)[aff'd in part, vacated in part, and remanded 476 Mich 1 (2006)]; see also Employers Mutual, supra at 63.
Plaintiff contends, nevertheless, that the requested amendment would do no more than correct a misnomer and that the Employers Mutual rule therefore does not bar the amendment and its relation back. “ ‘As a general rule,... a misnomer of a plaintiff or defendant is amendable unless the amendment is such as to effect an entire change of parties.’ ” Parke, Davis & Co v Grand Trunk Ry System, 207 Mich 388, 391; 174 NW 145 (1919) (citation omitted). The misnomer doctrine applies only to correct inconsequential deficiencies or technicalities in the naming *107 of parties, for example, “ ‘[w]here the right corporation has been sued by the wrong name, and service has been made upon the right party, although by a wrong name Wells v Detroit News, Inc, 360 Mich 634, 641; 104 NW2d 767 (1960), quoting Daly v Blair, 183 Mich 351, 353; 150 NW 134 (1914); see also Detroit Independent Sprinkler Co v Plywood Products Corp, 311 Mich 226, 232; 18 NW2d 387 (1945) (allowing an amendment to correct the designation of the named plaintiff from “corporation” to “partnership”)!)] and Stever v Brown, 119 Mich 196; 77 NW 704 (1899) (holding that an amendment to substitute the plaintiffs’ full names where their first and middle names had been reduced to initials in the original complaint would have been permissible). Where, as here, the plaintiff seeks to substitute or add a wholly new and different party to the proceedings, the misnomer doctrine is inapplicable. See Voigt Brewery Co v Pacifico, 139 Mich 284, 286; 102 NW 739 (1905); Rheaume v Vandenberg, 232 Mich App 417, 423 n 2; 591 NW2d 331 (1998).
Moreover, this Court adds that MCR 2.118(D) specifies that an amendment relates back to the date of the original pleading only if it “adds a claim or a defense”; it does not specify that an amendment to add a new party also relates back to the date of the original pleading.[1] Consequently, the Court of Appeals correctly *108 affirmed the judgment of the trial court that the amendment to substitute plaintiffs bankruptcy trustee as plaintiff after the expiration of the period of limitations would be futile. Therefore, the decision of the Court of Appeals is affirmed.
Taylor, C.J., and Corrigan, Young, and Markman, JJ., concurred.

 See 11 USC 541; 11 USC 323;[In re Cottrell], 876 F2d 540 (CA 6, 1989).

 Justice Kelly contends that, because MCR 2.118(D) does not specifically forbid an amendment to add a new party to relate back, this Court may rely on the “purpose” and “basic pohey” of the relation-back rule and the statute of limitations. This overlooks, however, that the “purpose” and “basic pohey” of a court rule, as with other expressions of the law, are normally communicated by their language. In particular, it has been long understood that the expression of specific exceptions to the appheation of a law, as here, implies that there are no other exceptions. See Hoerstman General Contracting, Inc v Hahn, 474 Mich 66, 74 n 8; 711 *108 NW2d 340 (2006) (stating the interpretative rule expressio unius est exclusio alterius, i.e., “the expression of one thing is the exclusion of another”).
Moreover, Justice Kelly’s assertion that this Court is “allowfing] gamesmanship to take precedence over the orderly disposition of an injured party’s cause of action,” post at 109, simply ignores that defendants in their answer to plaintiff’s complaint provided plaintiff with notice of the defect that the wrong plaintiff had been named 12 days before the period of limitations expired. Justice Kelly’s appeal to FR Civ P 15(c) is also inapposite, because the language of the federal rule is altogether different from MCR 2.118(D). The current federal rule allows for the relation back of amendments to add a party “against whom a claim is asserted,” whereas MCR 2.118(D) does not. Although Justice Kelly also cites the 1937 version of FR Civ P 15(c), that version allowed an amendment to relate back “[wjhenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence” in the original pleading. In contrast, MCR 2.118(D) only allows an amendment to relate back if the amendment “adds a claim or a defense." (Emphasis added.) Justice Kelly ignores this dispositive difference.