*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHANDRA DRAYTON, Personal Representative of
the ESTATE OF ERNESTINE DRAYTON,

      Plaintiff-Appellant,

v

STACY S. WHITE-SMITH also known as
SHERRIL WHITE, AMBASSADOR
REHABILITATION, and AMBASSADOR
NURSING AND REHABILITATION CENTER,[1]

      Defendants-Appellees.

UNPUBLISHED
December 18, 2024
2:19 PM

No. 368509
Wayne Circuit Court
LC No. 21-004831-NO

Before: N. P. HOOD, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

      In this case involving a negligence action resulting in death, plaintiff appeals as of right from the October 17, 2023 order dismissing the complaint. On appeal, plaintiff challenges the earlier September 27, 2023 order granting summary disposition in favor of defendant, Ambassador Nursing and Rehabilitation Center (ANRC) under MCR 2.116(C)(7) (dismissal is appropriate because of statute of limitations). We affirm.

---

[1] As will be more fully set forth in this opinion, Ambassador Nursing and Rehabilitation Center (ANRC) was not named in the original complaint; instead "Ambassador Rehabilitation," an unrelated entity, was named. After two years of litigation, the trial court authorized a new summons to be served upon "Ambassador Rehabilitation," which plaintiff served on ANRC's resident agent. The record does not reflect that plaintiff moved for leave to file an amended complaint to include ANRC. Nonetheless, because ANRC does not dispute service and the subject matter of this appeal involves the statute of limitations, we decide the merits of the appeal addressing the grant of summary disposition to ANRC.

## I. BACKGROUND AND PROCEDURAL HISTORY

This case arose from the death of Ernestine Drayton (decedent). Plaintiff placed decedent in a facility owned by ANRC at the request of Stacy S. White-Smith, also known as Sherril White (White-Smith), decedent's court-appointed guardian. While in the facility, plaintiff alleged that another resident smothered decedent with a pillow, which led to decedent's death on May 8, 2018.

On April 15, 2021, plaintiff filed suit against "Ambassador Rehabilitation" and White-Smith. Attorney Jerard Scanland filed an appearance on behalf of "[d]efendant," identified as White-Smith and Ambassador Rehabilitation. Thereafter, Scanland answered plaintiff's complaint on behalf of defendants Ambassador Rehabilitation and White-Smith.

After two years of litigation, plaintiff and Scanland realized that he had filed his initial appearance in error as he did not represent Ambassador Rehabilitation. On May 23, 2023, Scanland filed an amended appearance solely on behalf of White-Smith. Yet, the following day, Scanland filed an amended answer on behalf on "Ambassador Rehabilitation" and White-Smith. On June 5, 2023, however, Scanland filed a second amended answer for White-Smith. And, the next day, Scanland filed a motion to withdraw as counsel for "Ambassador." Scanland explained that he "inadvertently" filed an answer on Ambassador's behalf when he did not represent Ambassador. Scanland added that he believed White-Smith "was an employee of Ambassador."

On June 8, 2023, plaintiff filed a motion to adjourn the trial, which was scheduled for June 20. Plaintiff explained that she had recently learned that Scanland did not represent Ambassador despite filing an answer on its behalf. Plaintiff also requested a default judgment against Ambassador.

On June 13, 2023, the trial court heard Scanland's and plaintiff's motions.[2] On June 21, 2023, the trial court entered an order granting Scanland's motion to withdraw from representing Ambassador. And, because an answer was entered on Ambassador's behalf, the trial court opted to issue a new summons for "Ambassador Rehabilitation" on July 11, 2023. Plaintiff served the complaint on the registered agent for "Ambassador Nursing [and] Rehab"[3] on July 17, 2023.

In lieu of filing an answer, ANRC moved for summary disposition under MCR 2.116(C)(7), arguing that the statute of limitations for plaintiff's claim expired. In response, plaintiff initially argued that the statute of limitations was tolled and that she had properly served Ambassador Rehabilitation. In plaintiff's supporting brief, plaintiff further explained that she filed a complaint in federal district court on July 1, 2022, which was dismissed without prejudice in August 2022, and tolling applied for that reason as well.

---

[2] Plaintiff has not provided a transcript of this hearing on appeal. MCR 7.210(A)(1) and (B)(1). Indeed, when plaintiff filed her claim of appeal, she checked a box stating "[n]o record was made."

[3] ANRC was an assumed name for Moroun Nursing Center of Detroit, LLC, which was part of Ambassador Nursing and Rehab Center, LLC. ANRC was sold in July 2018, and its name changed to Ambassador, A Villa Center.

ANRC replied and denied that it had been properly served. ANRC further denied that tolling applied and stated that there was no reason for tolling. Moreover, ANRC added that plaintiff's description of the federal lawsuit did not make sense given the procedural history of this case.

Dispensing with oral argument, the trial court initially denied ANRC's motion because the "[s]tatute [was] tolled while the case was pending in Federal Court." But a week later, the trial court granted ANRC's motion for summary disposition, by written order, concluding that plaintiff had served "the incorrect Ambassador Rehabilitation, . . . an unrelated legal entity" and that the statute of limitations expired before service was effectuated on ANRC.[4]

Plaintiff filed for rehearing, contending that, under the circumstances, equitable tolling should apply. The trial court again dispensed with oral argument and denied plaintiff's motion. In the interim, plaintiff stipulated to dismiss the case against White-Smith without prejudice. This appeal followed.

## II. STATUTE OF LIMITATIONS

Plaintiff argues that the trial court erred when it granted summary disposition because it should have tolled the statute of limitations under the doctrine of equitable tolling. We disagree.

### A. STANDARDS OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition." *BC Tile & Marble Co v Multi Bldg Co, Inc*, 288 Mich App 576, 583; 794 NW2d 76 (2010). "In making this determination, [an appellate court] reviews the entire record to determine whether defendant was entitled to summary disposition." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Under MCR 2.116(C)(7), summary disposition is appropriate if a statute of limitations bars the claim. *Citizens Ins Co of America v Univ Physician Group*, 319 Mich App 642, 648; 902 NW2d 896 (2017). "When reviewing a motion under MCR 2.116(C)(7), the trial court must accept as true all of the plaintiff's well-pleaded factual allegations and construe them in favor of the plaintiff unless disputed by documentary evidence submitted by the moving party." *Id*. "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Maiden*, 461 Mich at 119. "The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id*. If there are no questions of fact, whether a cause of action is barred by the statute of limitations presents a question of law reviewed de novo. *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 638; 692 NW2d 398 (2004). Likewise, whether equitable relief is proper presents a question of law reviewed de novo. *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008). Finally, "[t]his Court reviews a trial court's decision to grant or deny

---

[4] In defendant's appellate brief, defendant suggests that "the trial court reversed its initial decision because no federal case existed that could have tolled the limitations period." But the trial court delineated its rationale for granting summary disposition in defendant's favor without mentioning the federal suit.

a motion for reconsideration for an abuse of discretion." *Farm Bureau Ins Co v TNT Equip, Inc*, 328 Mich App 667, 672; 939 NW2d 738 (2019). "A trial court abuses its discretion if it chooses an outcome outside the range of principled outcomes." *Id*.

## B. ANALYSIS

Plaintiff initially argues the trial court erred and incorrectly applied the statute of limitations because it failed to apply the doctrine of equitable tolling.[5] We disagree.

The trial court determined MCL 600.5805 applied, barring plaintiff's complaint. In pertinent part, MCL 600.5805 states:

> (1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

> (2) Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property.

MCL 600.5827 provides that "the period of limitations runs from the time the claim accrues." A claim accrues "when all of the elements of the cause of action have occurred and can be alleged in a proper complaint." *Sunrise Resort Ass'n, Inc v Cheboygan Co Rd Comm*, 511 Mich 325, 336; 999 NW2d 423 (2023) (quotation marks and citation omitted). "Accrual occurs when the wrong is done, meaning the moment when the plaintiff is harmed rather than when the defendant acted." *Id*. (quotations and citations omitted).

Plaintiff alleged that decedent's injury occurred on or about March 23, 2018,[6] and decedent died on May 8, 2018. Under MCL 600.5805, plaintiff's negligence claim expired on March 23,

---

[5] Plaintiff first raised the issue of equitable tolling in her motion for reconsideration. Accordingly, this issue is not properly preserved. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). This Court "may overlook preservation requirements when the failure to consider an issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, of it the issue involves a question of law and the facts necessary for its resolution have been presented." *The Reserve at Heritage Village Ass'n v Warren Fin Acquisition, LLC*, 305 Mich App 92, 110-111; 850 NW2d 649 (2014). Because the necessary facts were presented to resolve this legal issue, we will address it.

[6] Plaintiff also alleged that police investigated the assault on decedent, which occurred on or about March 15, 2018. We apply the latter date plaintiff alleged and note that ANRC assumes plaintiff's claims sound in ordinary negligence rather than medical malpractice for purposes of this appeal.

2021, and plaintiff's wrongful death claim expired on May 10, 2021.[7] However, in light of the COVID-19 pandemic, our Supreme Court suspended time for pleadings and other filings on March 23, 2020.[8] Administrative Order No. 2020-3, 505 Mich cxxvi-cxxviii. The Supreme Court did not lift that suspension until June 20, 2020, which effectively gave plaintiff an additional 102 days to file her claims. Administrative Order No. 2020-18, 505 Mich clviii-clix. Thus, the expiration date for plaintiff's negligence claim was July 2, 2021, and August 19, 2021, for her wrongful death claim.

Plaintiff filed her complaint alleging negligence and wrongful death on April 15, 2021, which is before both expiration dates. However, plaintiff named and served the wrong defendant. Plaintiff argues because Scanland filed an appearance on behalf of Ambassador Rehabilitation, the statute of limitations was tolled under the doctrine of equitable tolling. But "[e]quitable tolling, unlike judicial tolling, has a legal basis arising out of our common law, and it may be invoked when traditional equitable reasons compel such a result." *McDonald*, 480 Mich at 204. Further, equitable tolling is "limited to those circumstances when the courts themselves have created confusion." *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 406; 738 NW2d 664 (2007). The confusion in this matter originated from plaintiff's error in incorrectly naming and serving Ambassador Rehabilitation. But plaintiff contends that she never had the opportunity to amend the complaint and effectuate proper service because Scanland appeared to represent ANRC. The record reflects that Scanland seemingly filed an appearance for Ambassador Rehabilitation. But, as averred in an affidavit sworn to by one of ANRC's managers, ANRC was the facility where decedent resided when she was purportedly injured and ANRC was unrelated to Ambassador Rehabilitation. Moreover, it was not until July 11, 2023, after the expiration of limitation periods for plaintiff's claim, that the trial court ordered a new summons for ANRC. Because any confusion originated from plaintiff's error and Scanland's actions, not the trial court's actions, equitable tolling is not appropriate. *Id*.

---

[7] May 8, 2021 was a Saturday, making the end date the following Monday, May 10, 2021. MCR 1.108(1).

[8] "[A]lthough the order regarding computation of days was entered on March 23, 2020, it excluded any day that fell during the State of Emergency declared by the Governor related to COVID-19, which order was issued March 10, 2020. Thus, the practical effect of AO 2020-3 was to enable filers to exclude days beginning March 10, 2020." Administrative Order No. 2020-18, 505 Mich clviii-clix (staff comment). Moreover, AO 2020-3 was amended to include the language that the suspension does not "suspend or toll any time period that must elapse before the commencement of an action or proceeding." Amended Administrative Order No. 2020-3, 505 Mich cxliv-cxlv.

Plaintiff further argues the doctrine of equitable tolling is codified in MCL 600.5856.[9] MCL 600.5856 provides:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> (a) At the time the complaint is filed, *if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules*.
>
> (b) At the time jurisdiction over the defendant is otherwise acquired.
>
> (c) At the time notice is given in compliance with the applicable notice period under section [MCL 600.]2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given. [MCL 600.5856 (emphasis added).]

A summons expires 91 days after issuance. MCR 2.102(D). "On the expiration of the summons as provided in subrule (D), the action is deemed dismissed without prejudice as to a defendant who has not been served with process as provided in these rules, unless the defendant has submitted to the court's jurisdiction." MCR 2.102(E)(1). In addition, "a defendant added as a party after the filing of the first complaint in the action, the time provided in this rule runs from the filing of the first pleading that names that defendant as a party." *Id*. In turn, a pleading is a complaint, a cross-claim, a counterclaim, a third-party complaint, an answer to a complaint, cross-claim, counterclaim, or third-party complaint, and a reply to an answer. MCR 2.110(A)(1)-(6).

Plaintiff's original complaint was filed on April 15, 2021, against Ambassador Rehabilitation. Plaintiff served Ambassador Rehabilitation within the proper timeframe, but Ambassador Rehabilitation was the incorrect defendant. Therefore, the statute of limitations was not tolled. MCL 600.5856(a). Moreover, plaintiff never filed a pleading that named ANRC as an additional party, and, in any event, the summons for "Ambassador Rehabilitation" was issued on July 11, 2023, and served on ANRC on July 17, 2023, well after the statute of limitations expired. MCL 600.5805.

Finally, plaintiff suggests that the misnomer doctrine "is also useful in this context," contending that she identified the proper defendant in her complaint, but improperly served it. Plaintiff did not raise this issue below and did not raise it in her statement of questions presented. Even if we could exercise our discretion to review this issue because it was not raised below, *In re Conservatorship of Murray*, 336 Mich App 234, 240-242; 970 NW2d 372 (2021), plaintiff waived

---

[9] This issue was preserved in plaintiff's answer to ANRC's motion for summary disposition.

this issue by failing to include it in her statement of questions presented. See MCR 7.212(C)(5); *Seifeddine v Jaber*, 327 Mich App 514, 521; 934 NW2d 64 (2019).[10]

---

[10] In any event, plaintiff's argument is meritless. " 'As a general rule, . . . a misnomer of a plaintiff or defendant is amendable unless the amendment is such as to effect an entire change of parties.' " *Miller v Chapman Contracting*, 477 Mich 102, 106; 730 NW2d 462 (2007), quoting *Parke, Davis & Co v Grand Truck R Sys*, 207 Mich 388, 391; 174 NW145 (1919). "The misnomer doctrine applies only to correct inconsequential deficiencies or technicalities in the naming of parties, for example, where the right corporation has been sued by the wrong name, and service has been made upon the right party, although by a wrong name . . . ." *Miller*, 477 Mich at 106-107 (quotation marks and citations omitted). On the other hand, where "the plaintiff seeks to substitute or add a wholly new and different party to the proceedings, the misnomer doctrine is inapplicable." *Id*. at 107.

As already discussed, plaintiff's original complaint was against Ambassador Rehabilitation and plaintiff served Ambassador Rehabilitation's resident agent. After two years of litigation, plaintiff realized that Scanland did not represent Ambassador Rehabilitation and learned that ANRC was the correct party. The court then issued a summons for ANRC. The misnomer doctrine does not apply because it corrects naming errors when service was properly made on an incorrectly named defendant. *Id*. at 106-107. In this case, ANRC was never timely served, and, instead, plaintiff sought to add ANRC as a new party. *Id*. at 107.

Accordingly, the trial court properly granted ANRC's motion for summary disposition under MCR 2.116(C)(7) because plaintiff did not serve ANRC until July 2023, far beyond the expiration of the three-year statute of limitations. *Norman*, 338 Mich App at 146. Moreover, the trial court did not abuse its discretion when it denied plaintiff's motion for reconsideration based on equitable tolling. *Farm Bureau Ins Co*, 328 Mich App at 672.

Affirmed.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Anica Letica