COLTON v STATE TREASURER

Docket No. 148199. Submitted March 3, 1994, at Detroit. Decided May 17, 1994, at 9:30 A.M.

V. Robert Colton and others brought an action in the Court of Claims against the state treasurer and others, alleging violation of the Uniform Securities Act, negligent misrepresentation, fraud, and breach of fiduciary duty relating to actions taken by the state treasurer's representative on the board of directors of Cartex Corporation, in which the state treasurer had invested funds from the state retirement system and from which the plaintiffs had purchased preferred stock. The court, Peter D. Houk, J., summarily dismissed the action, ruling it barred by governmental immunity. The plaintiffs appealed.

The Court of Appeals *held:*

The investment of state retirement system funds is a governmental function mandated by the Michigan Constitution and various statutes. The trial court did not err in ruling that the proprietary function exception to governmental immunity did not apply under the facts and circumstances of this case.

Affirmed.

*P. David Hickey & Associates, P.C.* (by *P. David Hickey*), for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Terrence P. Grady, Thomas F. Schimpf,* and *Patrick McElmurry,* Assistant Attorneys General, for the defendants.

Before: REILLY, P.J., and GRIFFIN and C. L. BOSMAN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of the Court of Claims granting defen-

* Circuit judge, sitting on the Court of Appeals by assignment.

dants' motion for summary disposition pursuant to MCR 2.116(C)(7). We affirm.

In 1984, Cartex Corporation was formed to produce tape cartridges for the computer industry. Its sole manufacturing facility was located in Michigan. The state treasurer, as well as other, private investors, invested in excess of $13 million in Cartex. Approximately $4.5 million of that amount were funds from the state retirement system invested by the state treasurer in the form of loans and equity purchases. Along with several other investors, the state treasurer agreed to place a representative on Cartex's board of directors.

During the next several years, Cartex spent over $10 million without producing a viable product. In June 1987, the state treasurer notified Cartex that no further funding would be available except for an interim period to allow Cartex to find a potential buyer. Cartex eventually filed for bankruptcy in December 1987 after failing to finalize an agreement for the purchase of the company.

On June 18, 1991, plaintiffs brought a five-count complaint against defendants, alleging violation of the Uniform Securities Act, negligent misrepresentation, fraud, and breach of fiduciary duty, and seeking exemplary damages. The complaint arose out of the plaintiffs' purchase of approximately $250,000 in Cartex preferred stock on September 21, 1987. Plaintiffs alleged that the state treasurer's representative on the board of directors allowed the board to publish false and misleading disclosure documents in connection with Cartex's securities offering to plaintiffs. On December 18, 1991, the trial court granted defendants' motion for summary disposition on the basis of governmental immunity. Plaintiffs now appeal as of right, and we affirm.

The investment of retirement system funds is a

governmental function mandated by the Michigan Constitution and various statutes. Const 1963, art 9, §§ 18, 19; MCL 16.191; MSA 3.29(91), MCL 38.1133; MSA 3.981(113), MCL 38.1140a; MSA 3.981(120a), MCL 38.1140d; MSA 3.981(120d). For that reason, the trial court did not err in granting defendants' motion for summary disposition on the basis of its finding that MCL 691.1413; MSA 3.996(113), the proprietary function exception to governmental immunity, did not apply under the facts and circumstances of this case. *Wade v Dep't of Corrections,* 439 Mich 158, 162-163; 483 NW2d 26 (1992); *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223, 257-258; 393 NW2d 847 (1986); *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 612, 620; 363 NW2d 641 (1984).

Affirmed.