# STATE OF MICHIGAN

# COURT OF APPEALS

BEVERLY A. NICHOLSON-GRACIA,

UNPUBLISHED
February 20, 2018

Plaintiff-Appellant,

v

No. 334556
Wayne Circuit Court
LC No. 2015-014108-CB

GENERAL RETIREMENT SYSTEM OF
DETROIT and BOARD OF TRUSTEES OF
RETIREMENT SYSTEM OF DETROIT,

Defendants-Appellees.

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

The General Retirement System of Detroit and its board filed suit against corrupt investment advisors that pilfered $27 million in public employee pension funds. In thanks for defendants' efforts, Beverly Nicholson-Gracia, a retired city employee and pensioner, sued the system for allegedly spending $1 million on attorney fees and litigation expenses. Nicholson-Gracia described this as a personal loss to herself and also sought class certification to vindicate the rights of other pensioners. The circuit court summarily dismissed Nicholson-Gracia's action on various grounds. We affirm.

## I. FACTUAL BACKGROUND

Nicholson-Gracia is a retired Detroit city employee and a member of its pension plan, which is administered by defendants. Defendants sued several former investment advisors after approximately $27 million in pension funds disappeared. Nicholson-Gracia asserted that defendants spent nearly $1 million on attorney fees and litigation expenses pursuing the claim against the former advisors, and that this expenditure of pension funds constituted a loss to her personally, despite having no evidence or allegation of any negative impact upon her pension benefits. Nicholson-Gracia sued defendants, on her own behalf and on behalf of a putative class of all members of the Detroit pension system, asserting that defendants' lawsuit against the investment advisors was a breach of fiduciary duty since the advisors were allegedly uncollectible. The litigation, therefore, was a waste of pension money in Nicholson-Gracia's view.

In lieu of an answer, defendants moved for summary disposition. The circuit court granted the motion on several grounds, including standing and ripeness, failure to state a valid

-1-

breach of fiduciary duty claim, governmental immunity, and the expiration of the statute of limitations. The court also denied Nicholson-Gracia's motion to amend the complaint to add a statutory claim under the Public Employee Retirement System Investment Act (PERSIA), MCL 38.1132 *et seq.*, and found her class certification motion moot.

## II. ANALYSIS

We review de novo Nicholson-Gracia's challenge to the summary dismissal of her complaint. *Ensink v Mecosta Co Gen Hosp*, 262 Mich App 518, 523; 687 NW2d 143 (2004). We begin with the circuit court's ruling that Nicholson-Gracia lacked standing to bring this suit.

Nicholson-Gracia correctly notes that the circuit court erroneously relied on the standard set forth in *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 739; 629 NW2d 900 (2001), in determining that she lacked standing. *Lee*'s pronouncement that a plaintiff must allege a "concrete and particularized" injury that is "actual or imminent, not 'conjectural' or 'hypothetical' " was overruled by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349; 792 NW2d 686 (2010). Now, "a litigant has standing whenever there is a legal cause of action." *Id.* at 372. Nicholson-Gracia asserted a legal cause of action in her complaint—breach of fiduciary duty—but as will be discussed below, it was not a valid claim upon which relief could be granted. As the circuit court ultimately dismissed this action on several grounds that are legally supported, Nicholson-Gracia is not entitled to relief based on this error.

The circuit court also determined that Nicholson-Gracia's claims were not ripe for judicial review. We review de novo a lower court's determination that a plaintiff lacks standing to file suit. *Crawford v Dep't of Civil Serv*, 466 Mich 250, 255; 645 NW2d 6 (2002). "The doctrine of ripeness is designed to prevent 'the adjudication of hypothetical or contingent claims before an actual injury has been sustained.' " *Huntington Woods v Detroit*, 279 Mich App 603, 615; 761 NW2d 127 (2008), quoting *Mich Chiropractic Council v Comm'r of the Office of Fin & Ins Servs*, 475 Mich 363, 371 n 14; 716 NW2d 561 (2006), overruled on other grounds *Lansing Sch Ed Ass'n*, 487 Mich 349. An unripe claim is one that "rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' " *Huntington Woods*, 279 Mich App at 615-616, quoting *Mich Chiropractic Council*, 475 Mich at 371 n 14.

Nicholson-Gracia insists that defendants' expenditure of funds pursuing the allegedly "uncollectible" former investment advisors is a direct, present injury to her personally. However, Nicholson-Gracia has never submitted evidence, or even alleged, that she has suffered or will suffer any actual diminution in her retirement benefits. At this time, Nicholson-Gracia's complaint is wholly hypothetical and conjectural. Accordingly, the circuit court correctly determined that her claims were not ripe for judicial review.

Nicholson-Gracia challenges the circuit court's ruling that she failed to state a valid breach of fiduciary duty claim. The court dismissed this count under MCR 2.116(C)(8) after reviewing the complaint in the light most favorable to plaintiff and determining that "no factual development could possibly justify recovery." *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). "The elements of a fiduciary duty claim are (1) the existence of a fiduciary duty, (2) a breach of that duty, (3) proximately causing damages." *Delphi Auto PLC v Absmeier*, 167 F Supp 3d 868, 884 (ED Mich, 2016). The parties do not dispute that defendants owed a

fiduciary duty to Nicholson-Gracia. And we need not consider whether Nicholson-Gracia alleged facts amounting to a breach of that duty. As already explained, Nicholson-Gracia did not submit evidence of or even allege that she actually suffered any damages. Instead, she repeatedly asserted that defendants spent money on litigation that she described as unnecessary and identified this as a personal injury without any further explanation. Without adequately pleaded damages, the circuit court properly dismissed this count.

The circuit court also dismissed Nicholson-Gracia's complaint on governmental immunity grounds. Generally speaking, a plaintiff may not assert a tort cause of action against a governmental agency absent "express legislative authorization." *Lash v Traverse City*, 479 Mich 180, 194; 735 NW2d 628 (2007) (quotation marks and citation omitted). The Governmental Tort Liability Act, MCL 691.1401 *et seq.*, sets forth several exceptions to the general presumption of governmental immunity. One seeking to file a tort suit against a governmental agency has the burden of pleading a claim that falls under such an exception. *In re Bradley Estate*, 494 Mich 367, 377; 835 NW2d 545 (2013). Here, Nicholson-Gracia asserted that defendants lacked immunity under the "proprietary function" exception of MCL 691.1413. A "proprietary function" is one "conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding . . . any activity normally supported by taxes or fees." MCL 691.1413. "The investment of retirement systems' funds is a governmental function mandated by the Michigan Constitution and various statutes," *Colton v State Treasurer*, 205 Mich App 396, 397-398; 521 NW2d 620 (1994), and not a propriety act. Accordingly, the circuit court properly ruled that the "proprietary function" exception did not apply and that defendants were entitled to governmental immunity.[1]

Nicholson-Gracia next argues that the circuit court improperly ruled that the statute of limitations bars her claims. Claims for breach of fiduciary duty are subject to a three-year limitations period. *Prentis Family Foundation, Inc v Barbara Ann Karmanos Cancer Inst*, 266 Mich App 39, 46-47; 698 NW2d 900 (2005). Nicholson-Gracia concedes that the challenged litigation expenses were made more than three years ago. She contends that the statute of limitations was tolled because defendants concealed their fraudulent activity, preventing her suit. See MCL 600.5855. The cited savings provision applies only to claims of fraud, however. Nicholson-Gracia raised no claim or allegation of fraud in her complaint and did not "state[] with particularity" her claim that defendants fraudulently concealed their actions as required by MCR 2.112(B)(1). Accordingly, summary disposition was appropriate on this ground as well.

Nicholson-Gracia asserts that even if the circuit court properly dismissed her suit, it should have granted her motion to file an amended complaint, avoiding summary disposition. We review for an abuse of discretion a lower court's denial of a motion to amend. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997). Leave to amend a pleading should be freely

---

[1] Although the parties and the circuit court analyzed the applicability of the "gross negligence" exception of MCL 691.1407(2), that exception applies to suits against individual governmental officials and employees, and there are no individual governmental employee defendants. The circuit court properly ruled that this exception does not apply, albeit under an alternative ground.

granted if justice requires. MCR 2.118(A)(2). A circuit court acts within its discretion in denying a motion to amend where amendment would be futile. *Miller v Chapman Contracting*, 477 Mich 102, 106; 730 NW2d 462 (2007). Proposed amendments that are legally insufficient, or that merely restate allegations already made, are futile. *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006).

Nicholson-Gracia desired to amend her complaint to add a claim under PERSIA, and to plead additional facts regarding her claims and in avoidance of governmental immunity. But like the original complaint, the proposed amendment included no allegation that Nicholson-Gracia experienced any negative impact on her pension benefits. The proposed amendment added no new factual allegations that would meet her burden to plead in avoidance of governmental immunity. Accordingly, the amendment would have been futile and the circuit court acted within its discretion in denying the motion.

And just like the circuit court, we discern no ground to reach Nicholson-Gracia's request for class certification. "An issue is moot and should not be reached if a court can no longer fashion a remedy." *Eller v Metro Indus Contracting, Inc*, 261 Mich App 569, 571; 683 NW2d 242 (2004). As defendant was entitled to summary disposition and the circuit court dismissed Nicholson-Gracia's complaint in its entirety, the court could fashion no remedy to satisfy a class of plaintiffs.

We affirm. Defendants, as the prevailing parties, may tax costs under MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle