*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TAESHA FOSTER,

        Plaintiff-Appellant,

v

USA UNDERWRITERS,

        Defendant-Appellee,

and

EMILY RENE GRUDEN,

        Defendant.

UNPUBLISHED
June 27, 2019

No. 342156
Wayne Circuit Court
LC No. 16-012588-NI

Before: MURRAY, C.J., and STEPHENS and SHAPIRO, JJ.

PER CURIAM.

Plaintiff appeals the trial court's order dismissing her complaint against defendant USA Underwriters (USAU). Plaintiff argues that the trial court erred in denying her third motion to file an amended complaint in order to add a cause of action against the Michigan Automobile Insurance Placement Facility (MAIPF) for failure to assign plaintiff's claim for no-fault personal protection insurance (PIP) benefits to an insurer. We affirm.

This case arises out of injuries suffered by plaintiff as a result of a motor vehicle accident between plaintiff and Emily Rene Gruden[1] on October 5, 2015. Plaintiff was driving a vehicle that belonged to her mother, Yvonne Foster. Foster's vehicle was insured by USAU for collision and comprehensive coverage only, and the insurance policy stated that Foster was the only driver covered by the policy. On October 19, 2015, plaintiff's counsel sent a retention letter to USAU,

---

[1] Gruden was dismissed from this action on October 3, 2017, and is not relevant to this appeal.

indicating that plaintiff would be making a claim for no-fault benefits. On October 28, 2015, USAU denied coverage to plaintiff because she was not a named driver on the policy.

On September 29, 2016, plaintiff completed an application for benefits with the Michigan Assigned Claims Plan (MACP). However, while that application was pending, plaintiff brought a no-fault action against USAA Casualty Insurance Company (USAA) on the belief that it was the proper insurer. On January 9, 2017, USAA filed an answer denying liability because it had never issued a no-fault policy from which plaintiff could recover. On January 19, 2017, plaintiff filed a motion to amend her complaint to add a PIP claim against USAU. The trial court granted the amendment and dismissed USAA from the case.

On January 30, 2017, the MACP sent plaintiff's counsel a letter indicating that the MACP had not received all of the requested information necessary to process plaintiff's application for benefits, and therefore, the MACP was unable to make an initial determination regarding plaintiff's eligibility for no-fault benefits through the MACP. Plaintiff did not respond to this letter.

On February 28, 2017, plaintiff filed a first amended complaint to add a claim against USAU for no-fault PIP benefits and breach of contract. USAU answered plaintiff's complaint, denying that it was responsible for paying plaintiff no-fault benefits under the terms of the policy.

On July 28, 2017, plaintiff filed a motion to amend the complaint for a second time to add the MACP as a party to this action. However, the proposed amendment still listed USAU as a defendant, so USAU opposed the motion. After hearing oral argument, the trial court denied plaintiff's motion to amend. The trial court instructed plaintiff's counsel to file a separate cause of action against the MAIPF.[2]

On August 8, 2017, USAU moved for summary disposition on the grounds that its insurance policy did not provide PIP coverage. On October 3, 2017, the trial court granted the motion for summary disposition and dismissed USAU from this action with prejudice. The trial court also ordered that plaintiff could seek leave to file an amended complaint within 14 days.

On October 16, 2017, plaintiff filed a third motion to amend the complaint in order to add a claim against the MAIPF for failure to assign plaintiff's claim for no-fault PIP benefits to an insurer. The proposed amended complaint continued to allege claims against USAU. On December 8, 2017, the trial court denied plaintiff's third motion to amend the complaint and again advised plaintiff to file a new action against the MAIPF. On January 11, 2018, the trial court dismissed plaintiff's complaint with prejudice.

---

[2] "The Michigan Automobile Insurance Placement Facility adopts and maintains the Michigan Assigned Claims Plan." *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 553; 909 NW2d 495 (2017). The trial court instructed plaintiff that the MAIPF, not the MACP, would be the appropriate party.

Plaintiff argues that the trial court abused its discretion in denying her third motion to amend the complaint to add a claim against the MAIPF. We disagree.[3]

Leave to amend "shall be freely given when justice so requires." MCR 2.118(A)(2). Leave to amend may be denied "for particularized reasons, such as undue delay, bad faith or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party, or where amendment would be futile." *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007) (quotation marks and citation omitted).

We affirm the trial court for two reasons. First, the amended complaint should not have included counts against a dismissed party. When plaintiff brought her third motion to amend the complaint, USAU had been dismissed from this action with prejudice. Yet plaintiff continued to assert claims against USAU for PIP benefits and breach of contract. Thus, allowing the amended complaint would have prejudiced USAU. While the court could have struck the counts pertaining to USAU, it did not abuse its discretion in denying the motion to amend given plaintiff's failure to cure an obvious deficiency in the complaint.

Second, plaintiff was not precluded from bring a new suit against the MAIPF, and, contrary to her argument, she did not suffer any prejudice by not being able to add the MAIPF to the current action. Plaintiff sought to add the MAIPF as a defendant under the belief that the amended complaint would relate back to the original filing under MCR 2.118(D) and that the one-year-back rule found in MCL 500.3145 would also run from the date of the original filing. The one-year-back rule forecloses a claimant from recovering " 'benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced.' " *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 214; 815 NW2d 412 (2012), quoting MCL 500.3145(1). However, the trial court correctly reasoned that an amendment adding the MAIPF as a party would not relate back to the original complaint. MCR 2.118(D) provides in part:

> An amendment that adds a claim or a defense relates back to the date of the original pleading if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading.

Significantly, however, "[t]he relation-back doctrine does not apply to the addition of new parties." *Miller*, 477 Mich at 106 (quotation marks and citations omitted). See also *Employers Mut Cas Co v Petroleum Equip*, 190 Mich App 57, 63; 475 NW2d 418 (1991). Thus, the one-year-back rule would have run from the filing of the amended complaint rather than the date of the original complaint. Accordingly, filing a new action against the MAIPF would not have

---

[3] We review "a trial court's decision regarding a plaintiff's motion to amend the pleadings for an abuse of discretion." *Sanders v Perfecting Church*, 303 Mich App 1, 8-9; 840 NW2d 401 (2013). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *In re Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008).

prejudiced plaintiff. For those reasons, the trial court did not abuse its discretion in denying plaintiff's motion to amend and directing her to file a separate action against the MAIPF.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Douglas B. Shapiro