*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARCEL FARRAR,

   Plaintiff-Appellee,

and

FOCUS IMAGING, LLC,

   Intervening Plaintiff-Appellee,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION, also known as
SMART,

   Defendant-Appellant.

FOR PUBLICATION
February 9, 2023
9:00 a.m.

No. 358872
Wayne Circuit Court
LC No. 20-002192-NF

---

MARCEL FARRAR,

   Plaintiff-Appellee,

and

FOCUS IMAGING, LLC,

   Intervening Plaintiff,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION, also known as
SMART,

   Defendant-Appellant.

No. 358884
Wayne Circuit Court
LC No. 20-002192-NF

---

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

-1-

PER CURIAM.

In these consolidated appeals,[1] in Docket No. 358872, defendant, the Suburban Mobility Authority for Regional Transportation, appeals by leave granted[2] the trial court's order denying defendant's motion for summary disposition as to the claims made by intervening plaintiff Focus Imaging, LLC. In Docket No. 358884, defendant appeals by leave granted[3] the trial court's order granting in part and denying in part defendant's motion for partial summary disposition as to claims related to services provided by nonparty medical providers who obtained assignments from plaintiff Marcel Farrar. Because we conclude that the trial court erred when it denied defendant's motions for summary disposition, we reverse and remand.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The underlying facts of the case are largely not in dispute. On February 13, 2019, plaintiff was riding as a passenger on a bus operated by defendant. Plaintiff was injured after another car hit the bus. As a result of the accident, plaintiff sought treatment from a number of medical providers and, in connection with doing so, executed assignments of benefits in exchange for receiving such treatment. As relevant to this appeal, plaintiff executed assignments to Focus Imaging, LLC, C-Spine Ortho, Allied Medical, Assure Neuromonitoring, and Integra Lab Solutions.

On February 11, 2020, plaintiff filed a complaint to recover personal injury protection (PIP) benefits for injuries he sustained to his back, head, arms, legs, and shoulders. Focus Imaging moved to intervene in the case on February 11, 2021, asserting that it provided services to plaintiff which were recoverable under the no-fault act but defendant refused to pay, which the trial court granted. In Focus Imaging's intervening complaint, attached to its motion, it claimed it provided plaintiff with medical services attributable to the accident totaling $14,996.61. In support of its claim, Focus Imaging attached as Exhibit A to its complaint a "Health Insurance Claim Form," dated July 30, 2019, showing a total charge of $14,996.61 for services provided on March 6, 2019

Defendant subsequently moved for summary disposition as to Focus Imaging's intervening claims, as well as plaintiff's claims related to C-Spine Ortho, Allied Medical, Assure Neuromonitoring, and Integra Lab Solutions. According to defendant, it was entitled to summary disposition because Focus Imaging's claims were barred by the one-year-back rule because Focus Imaging could not relate its intervening complaint back to the date of plaintiff's complaint. Defendant also asserted that plaintiff's claims associated with providers to whom he already

---

[1] *Farrar v Suburban Mobility Auth for Regional Transp*, unpublished order of the Court of Appeals, entered February 23, 2022 (Docket No. 358872).

[2] *Id*.

[3] *Farrar v Suburban Mobility Auth for Regional Transp*, unpublished order of the Court of Appeals, entered February 23, 2022 (Docket No. 358884).

executed assignments were barred because plaintiff was not the real party in interest with respect to those claims.

The trial court denied defendant's motions. With respect to Focus Imaging, the court concluded that its claims could relate back to the date of plaintiff's complaint. The court also held that because defendant had notice of Focus Imaging's claims within one year, defendant could not invoke the one-year-back rule as a shield to liability. The trial court also rejected defendant's argument that once plaintiff executed assignments to medical providers, those providers became the real parties in interest with respect to those claims. These interlocutory appeals followed.

## II. STANDARDS OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Mich Head & Spine Institute PC v Auto-Owners Ins Co*, 338 Mich App 721, 725; 980 NW2d 567 (2021), lv den ___ Mich ___; 971 NW2d 217 (2022). Defendant moved for summary disposition under MCR 2.116(C)(7), (8), and (10). When deciding a motion under MCR 2.116(C)(7), this Court "must accept as true the allegations of the complaint unless contradicted by the parties' documentary submissions." *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 550-551; 909 NW2d 945 (2017). "[A] party moving for summary disposition under Subrule (C)(7) may support the motion with affidavits, depositions, admissions, or other admissible documentary evidence, which the reviewing court must consider." *Id*. at 551.

A motion under MCR 2.116(C)(8) tests the sufficiency of the complaint based only on the pleadings. *Esurance Prop & Cas Ins Co v Mich Assigned Claims Plan*, 507 Mich 498, 508; 968 NW2d 482 (2021). "A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint." *Id*. (quotation marks and citation omitted). "A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery." *Id*. (quotation marks and citation omitted).

Under MCR 2.116(C)(10), this Court considers the evidence submitted in a light most favorable to the nonmoving party. *Fasho v Liberty Mut Ins Co*, 333 Mich App 612, 616; 963 NW2d 695 (2020). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted).

Questions concerning the proper interpretation and application of statutes are also reviewed de novo. *Esurance*, 507 Mich at 508. "[C]ourts must interpret statutes in a way that gives effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Id*. at 508-509 (quotation marks and citation omitted; alteration in original).

## III. DOCKET NO. 358872

Defendant argues that the trial court erred when it denied defendant's motion for summary disposition because Focus Imaging's claims were barred by the one-year-back rule. According to defendant, Focus Imaging filed its intervening complaint more than one year after it provided services to plaintiff. Thus, defendant argues that under MCL 500.3145(2), it was entitled to summary disposition as to Focus Imaging's claims. We agree.

Under MCL 500.3145(2), a "claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." "The one-year-back rule is designed to limit the amount of benefits recoverable under the no-fault act to those losses occurring no more than one year before an action is brought." *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 202; 815 NW2d 412 (2012).

Focus Imaging treated plaintiff on March 6, 2019, approximately three weeks after the automobile accident. Under the one-year-back rule, Focus Imaging was required to file its complaint by March 6, 2020, to ensure its lawsuit could proceed. However, Focus Imaging did not file its intervening complaint until February 11, 2021, almost two years after the accident. Accordingly, under the express language of the one-year-back rule, Focus Imaging is barred under MCL 500.3145(2) from recovering any benefits that it incurred before February 11, 2020.

However, plaintiff argues that because he timely filed his complaint on February 11, 2020, Focus Imaging's complaint is also timely because Focus Imaging stands in plaintiff's shoes by virtue of the assignment. According to plaintiff, as the two parties share the same interests, the addition of Focus Imaging as an intervening plaintiff does not prevent Focus Imaging from invoking the relation-back doctrine.

Generally speaking, the relation-back doctrine does not apply to the addition of new parties. *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007). However, plaintiff argues that because he and Focus Imaging have the same interests and the claim arises out of the same transaction or occurrence, Focus Imaging can invoke the relation-back doctrine.

In *Lakeland Neurocare Ctrs v Everest Nat'l Ins Co*, unpublished opinion of the Court of Appeals, issued October 8, 2019 (Docket No. 340346),[4] however, we rejected the notion that for purposes of the one-year-back rule, the addition of the injured claimant as an intervenor to the medical provider's lawsuit related back to that original suit. In that case, the injured claimant sought to intervene, which the trial court granted. *Lakeland Neurocare Ctrs*, unpub op at 3. The trial court also determined that the injured claimant's intervening complaint related back to the date of the medical provider's complaint. *Id*.

On appeal, we concluded that the trial court did not abuse its discretion when it granted the claimant's motion to intervene. *Id*. at 12. However, we also determined that the trial court erred when it concluded that the intervening complaint related back:

> Gordon is clearly a different party than plaintiffs. She is not seeking to add new claims or defenses, MCR 2.118(D), but rather, assert the same claims as plaintiffs, but as a different party. Therefore, her claims would not relate back to the date of plaintiffs' complaint. Because Gordon's claims would not relate back to the date of the filing of the original complaint, she could only claim benefits

---

[4] Unpublished opinions are not binding but may be considered for their persuasiveness. *Eddington v Torrez*, 311 Mich App 198, 203; 874 NW2d 394 (2015), lv den 498 Mich 951 (2015).

dating one year back from the date that she filed her intervening complaint under MCL 500.3145, which was September 21, 2017. [*Id.* at 15.]

The same is true here. Focus Imaging is a different party that is not seeking to add new claims, but rather the same claims as plaintiff as a different party. Accordingly, the trial court erred when it concluded that Focus Imaging's complaint related back.

The trial court also concluded that Focus Imaging's complaint was timely because defendant had notice of the lawsuit within one year of the incurred claims. In so doing, the trial court relied on MCL 500.3145(1), which states: "An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury."

The court concluded that because defendant had notice of Focus Imaging's claims within one year of incurring them, defendant could not rely on the one-year-back rule to defeat Focus Imaging's claims. The trial court, however, appears to have confused the limitations period in MCL 500.3145(1) with the one-year-back rule in MCL 5003145(2). While the trial court was correct that if an insurer has notice of the injury within one year, it cannot invoke the one-year statute of limitations contained in MCL 500.3145(1). However, under MCL 500.3145(2): "[I]f the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced." It is clear, therefore, that the issue of notice in subsection (1) is distinct from the one-year-back rule in subsection (2). In other words, Focus Imaging's complaint was not time-barred; however, Focus Imaging was still required to commence the action within one year of incurring the claims in order to recover them. Because Focus Imaging did not, it could not rely on notice to defendant to save its claims.

IV. DOCKET NO. 358884

Defendant also argues the trial court erred when it denied in part defendant's motion for partial summary disposition because after executing the assignments to C-Spine Ortho, Allied Medical, Assure Neuromonitoring, and Integra Lab Solutions, plaintiff could no longer pursue those claims. Defendant asserts that once the assignments were executed, the medical providers became the real parties in interest and only those entities could pursue those claims. We agree.

Under the no-fault act, an insured is entitled to seek from an insurer "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). When an assignment occurs, the "assignee of a cause of action becomes *the real party in interest* with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 412; 875 NW2d 242 (2015) (emphasis added). "A real party in interest is the one who is vested with the right of action on a given claim, although the beneficial interest may be in another." *Barclae v*

-5-

*Zarb*, 300 Mich App 455, 483; 834 NW2d 100 (2013). The real-party-in-interest doctrine "recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy" and "protects a defendant from multiple lawsuits for the same cause of action." *Id.*

In *Winfield v State Auto Prop & Cas Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued November 18, 2021 (Docket No. 355681), this Court addressed the same issue of whether a plaintiff seeking benefits under the no-fault act could sue to enforce claims of providers to whom the plaintiff has executed assignments. The plaintiff executed multiple assignments to medical providers in which "each assignment vested in the medical providers the right to collect PIP benefits from defendants for medical services rendered to plaintiff and her minor children." *Winfield*, unpub op at 4. Determining that by virtue of the assignments, the providers "stood in the position of plaintiff, possessed the same rights as plaintiff, and were subject to the same defenses as plaintiff," we concluded that "after plaintiff executed the assignments, the medical providers became the real parties in interest, and only the medical providers had the ability to enforce the acquired rights." *Id*. at 4-5.

The same is true here. Plaintiff executed assignments to C-Spine Ortho, Allied Medical, Assure Neuromonitoring, and Integra Lab Solutions between March 2019 and January 2020. There is no suggestion that the assignments were not valid. Accordingly, upon execution, these providers became the real parties in interest with respect to their claims for benefits, and only they could sue to recover those benefits. Plaintiff, therefore, did not have standing to sue to recover the benefits associated with those providers, and the trial court erred when it concluded otherwise.

Reversed and remanded for entry of an order granting defendant's motions for summary disposition. We do not retain jurisdiction. Defendant, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly
/s/ Kristina Robinson Garrett