*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOANNE SANDLER-GOLDBERG,

      Plaintiff,

v

BLOOMFIELD VILLAGE, LLC,

      Defendant-Appellant,

and

LIBRARY SPORTS PUB W-B,

      Defendant-Appellee.

UNPUBLISHED
November 30, 2023

No. 361981
Oakland Circuit Court
LC No. 2021-188499-NO

Before: LETICA, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

In a case arising out of a trip-and-fall outside of a restaurant, defendant, Bloomfield Village, LLC (Bloomfield), appeals as of right the trial court's order granting it summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact). On appeal, Bloomfield challenges the trial court's earlier order, denying its motion seeking to file a cross-claim against its tenant, defendant, Library Sports Pub W-B (Library Pub), for contractual indemnification. Bloomfield specifically argues the trial court erred in finding the proposed cross-claim was futile because the contractual provisions of the lease between Bloomfield and Library Pub unambiguously required Library Pub to indemnify Bloomfield for claims arising out of the negligence of Library Pub's customers. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2005, Bloomfield and Library Pub entered into a lease agreement for what became the Library Pub restaurant premises (Lease). Library Pub is located within a shopping center in West Bloomfield, Michigan, owned by Bloomfield. The Lease defines the subject "Premises" as "[t]he

-1-

property with the address 6363-6351, containing approximately 7590 square feet." Units 6351 through 6363 make up four units in the 29-unit shopping center. The Lease, in pertinent part, states:

> [Bloomfield] leases the Premises and [Library Pub] accepts the Premises on the terms of the Lease. The Premises do not include the exterior walls, roof, the area between the ceiling and the roof, the area beneath the floor, or any rights to light or air over any property. [Bloomfield] reserves the right to use those spaces, at any time . . . .

The Lease defines the "Common Areas" of the shopping center to include: "(1) [the] area not specifically leased to another tenant, and (2) areas generally available for use of the tenants and their customers in the Shopping Center (e.g., parking areas, roads, sidewalks, etc.)." The Lease goes on to state, in pertinent part: "[Bloomfield] . . . exclusively controls and manages the Common Areas."

The indemnity provision of the Lease states:

> The Tenant indemnifies the Landlord, its officers, directors, stockholders, agents, members and employees from all liabilities, losses, damages, and claims of any kind (including reasonable attorneys' fees) because of any injury, damage, or death to persons or property resulting from the negligence or willful misconduct of the Tenant or, the Tenant's agents, employees, customers or suppliers.

On an evening in June 2018, plaintiff dined at the Library Pub and, after leaving, tripped on a raised portion of concrete in front of the restaurant, falling to the ground. Plaintiff filed a complaint against defendants, claiming as a result of her trip and fall, she sustained injuries to her leg, ankle, and foot. She alleged negligence, arguing defendants breached duties to her as a business invitee by failing to maintain the premises in a reasonably safe condition, causing her injuries.

Bloomfield moved for leave to file a cross-claim against Library Pub. Bloomfield argued plaintiff's deposition established her injuries arose out of her own negligence—her failure to observe the pavement differential. Bloomfield contended because plaintiff was Library Pub's negligent customer, the Lease required Library Pub to "indemnify, defend, and hold [Bloomfield] harmless from and against Plaintiff's claims."

Library Pub responded to Bloomfield's motion regarding the cross-claim by arguing: (1) the motion was untimely, and (2) the proposed cross-claim would be futile. Library Pub argued the motion was futile because plaintiff was not suing Bloomfield for her own negligence but rather for Bloomfield's purported negligence. Library Pub further argued, because plaintiff's claims arose out of the condition of the sidewalk, and because Bloomfield had sole control and maintenance responsibilities for the shopping center common areas, Library Pub had no ability to correct the condition of the sidewalk and could not be found negligent.

Bloomfield replied by arguing the proposed cross-claim was not futile because the Lease clearly and unambiguously required Library Pub to indemnify Bloomfield for *all* liabilities, losses, damages, or claims resulting from the negligence of Library Pub's customers. Bloomfield argued

plaintiff failing to notice an open and obvious hazard was the negligent act which caused her injuries, which were the basis of her claims.

The trial court dispensed with oral argument and denied Bloomfield's motion for leave to file a cross-claim. As an explanation for the denial, the trial court stated: "The proposed amendment would be futile because the claim is legally insufficient for the reasons argued by Library Sports Pub W-B."

Library Pub moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact) soon after. Library Pub argued because plaintiff's accident took place in a common area, which was under the exclusive control of Bloomfield, and because the hazard was open and obvious, Library Pub owed no duty to plaintiff with regard to the concrete height differential of the sidewalk. Bloomfield also filed a motion for summary disposition under MCR 2.116(C)(10). Bloomfield argued the concrete differential was open and obvious, and not unreasonably dangerous, and thus, plaintiff could not establish the duty element to sustain her claim.

With regard to Library Pub's motion, the trial court dispensed with oral argument and granted Library Pub summary disposition because plaintiff did not oppose the motion. With regard to Bloomfield's motion, the trial court again dispensed with oral argument, granted summary disposition to Bloomfield, and dismissed all of plaintiff's claims. The trial court determined that plaintiff was an invitee on the premises at the time of the accident, but that the hazard was open and obvious with no special aspects creating an unreasonably dangerous condition. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's decision on a motion for leave to amend a pleading for an abuse of discretion. *Weymers v Khera*, 454 Mich 639, 654; 563 NW2d 647 (1997); *In re Estate of Kostin*, 278 Mich App 47, 51; 748 NW2d 583 (2008). A court does not abuse its discretion if it selects an outcome falling within the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006); *In re Kostin*, 278 Mich App at 51. We review questions of a contract interpretation de novo. *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019).

## III. ANALYSIS

Because the Lease did not require Library Pub to indemnify Bloomfield for its attorney fees and litigation expenses incurred defending against plaintiff's claims, the trial court did not abuse its discretion when it denied Bloomfield's motion to file a cross-claim for indemnification.

In establishing the rules governing cross-claims, MCR 2.203 states, in pertinent part:

(D) Cross-Claim Against Co-Party. A pleading may state as a cross-claim a claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or that relates to property that is the subject matter of the original action. The cross-claim may include a claim that the party against whom it is asserted is or may be liable to the

cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

(E) Time for Filing Counterclaim or Cross-Claim. A counterclaim or cross-claim must be filed with the answer or filed as an amendment in the manner provided by MCR 2.118. If a motion to amend to state a counterclaim or cross-claim is denied, the litigation of that claim in another action is not precluded unless the court specifies otherwise. [MCR 2.203(D) and (E).]

MCR 2.118 governs the amendment of pleadings. Our Supreme Court has stated this rule was "designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result." *Ben P Fyke & Sons, Inc v Gunter Co*, 390 Mich 649, 656; 213 NW2d 134 (1973) (quotation marks and citation omitted). A plaintiff may amend his complaint once as a matter of course within 14 days after being served with a responsive pleading by an adverse party. MCR 2.118(A)(1); *Ligons v Crittenton Hosp*, 490 Mich 61, 80; 803 NW2d 271 (2011). Thereafter, a plaintiff may amend his or her complaint only by leave of the court or by written consent of the adverse party. MCR 2.118(A)(2).

Our Supreme Court has stated amendment is generally a matter of right rather than grace. *Ben P Fyke & Sons*, 390 Mich at 659. Accordingly, "[l]eave shall be freely given when justice so requires." MCR 2.118(A)(2); see also MCL 600.2301 (stating courts have the "power to amend any process, pleading or proceeding . . . for the furtherance of justice"). A motion to amend should ordinarily be denied only for particularized reasons. *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007). In making its decision, the trial court may not let its view of the merits of the case affect its decision. *PT Today, Inc v Comm'r of the Office of Fin & Ins Serv*, 270 Mich App 110, 144 n 17; 715 NW2d 398 (2006). The judge may not substitute his or her personal view of justice for the public policies reflected in statutes, common law, and court rules; that is, the judge may not deny leave on the basis of a personal view the claim or defense is disfavored. *Ben P Fyke & Sons*, 390 Mich at 659-660.

Reasons justifying denial of leave to amend include undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility. *Weymers*, 454 Mich at 658. A trial court must specify its reasons for denying leave to amend. *PT Today*, 270 Mich App at 143. Here, the trial court denied the leave to file a cross-claim on the basis of futility. An amendment is futile when, "(1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *Id*. (citations omitted). For reason set forth more fully *infra*, we conclude that any amendment would have been futile.

Examination of the matter leads us to conclude that plaintiff was not a "customer" of the Library Pub at the time of her injury for purposes of the indemnification clause. "An indemnity contract is construed in the same fashion as are contracts generally." *Hubbell, Roth & Clark, Inc v Jay Dee Contractors, Inc*, 249 Mich App 288, 291; 642 NW2d 700 (2001). When construing a contract, this Court must "assign[] the words in the contract their ordinary and plain meaning if such would be apparent to a reader of the instrument" and a "dictionary may be consulted to

-4-

ascertain the plain and ordinary meaning of words or phrases used in the contract."[1] *Auto Owners Ins Co v Seils*, 310 Mich App 132, 145; 871 NW2d 530 (2015) (quotation marks and citation omitted). The Lease does not define the term "customer." Turning to a dictionary, a "customer" is "one that purchases a commodity or service." *Merriam-Webster's Online Dictionary* <https://www.merriam-webster.com/dictionary/customer> (accessed September 13, 2023).

It seems axiomatic that a person acts as a customer at the time of the purchase and that although the person is a *former* customer once the transaction is concluded, the person does not, perpetually remain a customer. A person could be a repeat customer or frequent customer of an establishment, but that person is not acting in the role of "customer" at all times absent some evidence of some kind of ongoing, continuous relationship. Once plaintiff paid her bill, left the confines of the area leased as the Library Pub, without evidencing any expressed intent to return, she was no longer a customer of the Library Pub. Once she was in the common area with no further transactional connection to Library Pub, she was not Library Pub's customer. However, at the time of her injury she may have been a customer of *Bloomfield* while in the common area, but under the Bloomfield's logic, a person essentially remains a perpetual customer of *every store in the mall that the person has ever visited*, merely by remaining in the common areas of the mall. By extension, every store or shop that plaintiff visited, or even any shop or store contained within the mall could be held responsible for any costs incurred by Bloomfield as the result of the underlying action which occurred not in a tenant's leased space but in a "common area" under the sole control of Bloomfield.[2] Such an understanding of the indemnification clause at issue is nowhere to be found in the text of the clause or in the parties' mutual understanding of what the clause entailed. Hence, because plaintiff was no longer Library Pub's customer when she fell, Library Pub has no duty to indemnify Bloomfield related to this incident under the terms of the Lease. Even if plaintiff's injuries were at least partially caused by her own negligence, as alleged in the dissent,[3] that still would not trigger the operation of the indemnification clause at issue under

---

[1] The parties' agreement does not provide a definition for "customer."

[2] By setting forth this scenario, we obviously presume that a similar indemnification clause is included in the leases of all the tenants of the mall. As previously stated, there is nothing in the language of the indemnification clause to indicate that the parties intended it to operate so broadly as to essentially make the tenant the insurer of the landlord with respect to any person that has ever purchased goods or services from the tenant and is injured in an area over which a tenant has no control.

[3] The record discloses that the trial court never made a determination that plaintiff was negligent. When Bloomfield moved to file the cross-claim, it submitted that plaintiff was negligent, that plaintiff was Library Pub's customer, and that the indemnity and hold harmless lease provision warranted the cross-claim against Library Pub. Library Pub opposed the filing of the cross-claim, alleging that plaintiff was suing Bloomfield for its own negligence, that comparative negligence was at issue, that plaintiff was a customer of Bloomfield, and that Library Pub did not have the ability to control the common area where plaintiff's injury allegedly occurred. Therefore, Library Pub asserted that the lease's indemnity provision was not invoked. Importantly, both parties merely attached the contractual lease documents to the briefs addressing the cross-claim motion. Plaintiff's deposition testimony describing where and how she fell was not submitted with the

the particular facts of this case. Again, the issue at this juncture is not whether plaintiff may recover from the possessor of land for her injuries. The issue is whether the indemnity clause requires Library Pub to indemnify Bloomfield for the attorney fees it incurred in defending plaintiff's lawsuit because those attorney fees were supposedly incurred as the result of plaintiff's *negligence*.

Recently, our Supreme Court reiterated the well-established basic principles of negligence:

> All negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm. The first element, duty, "is essentially a question whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person." [*Kandil-Elsayed v F & E Oil, Inc*, ___ Mich ___, ___; ___ NW2d ___ (2023) (Docket No. 162907); slip op at 8 (citation omitted).]

Assuming for the sake of argument that plaintiff's own negligence caused her slip-and-fall injuries, plaintiff merely failed in her " 'obligation to assume personal responsibility to protect [herself] from apparent dangers.' " *Kandil-Elsayed*, ___ Mich at ___; slip op at 42, quoting *Hoffner v Lanctoe*, 492 Mich 450, 459-460; 821 NW2d 88 (2012). To the extent plaintiff may have been negligent in causing her own injury, we cannot explain how plaintiff breached any legal obligation she had for Bloomfield's benefit. *Kandil-Elsayed*, ___ Mich at ___; slip op at 8. Consequently, on this record, there is no basis to impose liability on Library Pub for Bloomfield's attorney fees in defending the underlying action, and any amendment to Bloomfield's complaint would have been futile.

---

cross-claim briefs. The trial court's order denying the motion for leave to file the cross-claim did not conclude that plaintiff was negligent. Rather, the trial court held that the "proposed amendment would be futile because the claim is legally insufficient for the reasons argued by Library" Pub. Nearly a month later, Library Pub moved for summary disposition of plaintiff's complaint asserting that it owed no duty to warn or protect plaintiff from open and obvious dangers. Summary disposition was granted to Library Pub because plaintiff failed to oppose the motion and failed "to show the existence of a genuine issue for trial on the issues presented in the motion." Bloomfield moved for summary disposition nearly two months after the cross-claim motion was denied also submitting that plaintiff could not establish the duty element of the negligence action because any hazard was open and obvious. In its opinion and order, the trial court granted summary disposition in favor of Bloomfield, concluding that the "alleged hazard was open and obvious," and there was no "special aspect" to the condition. Before the release of *Kandil-Elsayed*, the application of open and obvious was merely "a defensive doctrine that attacks the duty element that a plaintiff must establish in a prima facie negligence case." *Riddle v McLouth Steel Products Corp*, 440 Mich 85, 95-96; 485 NW2d 676 (1992). Thus, the trial court's application of the open and obvious doctrine was not a determination that plaintiff was negligent. A statement that the trial court decided that plaintiff was negligent is not supported by the record and not pertinent to the cross-claim ruling rendered months earlier.

Affirmed.  Library Bar having prevailed in full may tax costs.  MCR 7.219(A).

/s/ Anica Letica
/s/ Stephen L. Borrello