*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MYKEL ALEXANDER,

        Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.,

        Defendant,

and

THE ESTATE OF ROBERT GRANT WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
February 14, 2025
11:36 AM

No. 368287
Macomb Circuit Court
LC No. 2023-000491-NI

Before: YOUNG, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

In this tort action arising from a motor vehicle collision, defendant, the Estate of Robert Grant Williams (the estate), appeals by leave granted[1] the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) (claim barred by statute of limitations). We affirm.

## I. BACKGROUND FACTS

The underlying complaint involved injuries suffered by plaintiff, Mykel Alexander, after the bus in which he was riding as a passenger was struck by a motor vehicle driven by Robert

---

[1] *Alexander v State Farm Mut Auto Ins Co*, unpublished order of the Court of Appeals, entered March 29, 2024 (Docket No. 368287).

Grant Williams ("Robert") on February 6, 2020.[2]  Robert died as a result of the collision four days later, on February 10, 2020.  A probate estate was subsequently opened for Robert, for which Daniel Williams was appointed the personal representative.  That estate was closed on December 13, 2022.  Eight weeks later, on February 6, 2023, i.e., the three-year anniversary of the accident, plaintiff filed a complaint alleging Robert was negligent and requesting damages.  Plaintiff named Robert individually, despite the fact that he was deceased.  Plaintiff did not name Robert's estate as a party and did not move to reopen Robert's closed estate.  A summons was issued for Robert with an expiration date of May 8, 2023.  The summons and complaint were served on Daniel Williams ("Daniel"), i.e., the former Personal Representative of the Estate of Robert Grant Williams.[3]  Daniel moved for summary disposition, presumably based on his perceived authority as former personal representative of the estate, arguing that the trial court lacked jurisdiction over Robert because he was deceased.[4]

On April 2, 2023, plaintiff responded to Daniel's motion and moved for leave to amend his complaint.  Plaintiff stated that he had been unaware Robert was deceased and, because of this newly discovered fact, he should be allowed to amend his complaint to add the estate as a party.  Plaintiff argued the estate would not be prejudiced because proceedings had not yet begun, and an amendment would still be timely because the summons originally issued for Robert had not yet expired.  Plaintiff cited MCR 2.118(A)(2) (leave to amend a pleading when justice requires), arguing he would be prejudiced if the trial court granted Daniel's motion, and argued that joining the estate as a party was permissible under MCR 2.206(A)(2) (permissive joinder of defendants for claim arising out of the same transaction or occurrence).  Plaintiff requested leave to add the estate as a party and an additional 60 days to serve the estate.

On April 10, 2023, the trial court denied Daniel's motion for summary disposition and granted plaintiff leave to amend his complaint.  The trial court ordered plaintiff to file his amended complaint and summons within seven days of the trial court's order being entered.  The trial court granted plaintiff an additional 60-day extension to serve the estate the amended complaint; however, the trial court did not direct plaintiff to reopen that estate.  Plaintiff filed an amended complaint with the estate as a named defendant on April 16, 2023.  A summons was issued with

---

[2] We note that this case involves many dates and tolling periods that are important to the issue raised by appellant.  For convenience of the parties, we have included a summary of the dates and tolling periods in the second to last paragraph of the opinion.

[3] The proof of service filed by plaintiff says the documents were served on Robert William c/o Daniel Williams.

[4] Ironically, although Daniel's argument was that plaintiff could not sue a deceased person, pursuant to MCL 700.3608, it appears that Daniel did not actually have standing to file a motion for summary disposition on behalf of the deceased person, in March of 2023, because the termination of his prior appointment as personal representative, "terminate[d] the personal representative's authority to represent the estate in a pending or future proceeding," and he, individually, was not a party to the case.  But plaintiff did not contest his standing and defendant did not appeal the trial court's order denying the initial motion for summary disposition – defendant appealed the court's subsequent order denying defendant's renewed motion for summary disposition.

an expiration date of September 15, 2023.  Plaintiff filed a petition to reopen the estate on May 23, 2023.  An order reopening the estate was entered by the probate court on July 10, 2023.  On July 13, 2023, the estate was served with a copy of the summons and complaint.

The estate moved for summary disposition, arguing plaintiff failed to timely petition to reopen the estate and to timely serve process on the estate.  The estate argued summary disposition was appropriate because the amended complaint did not properly relate back to the original complaint under MCR 2.118(D), and was filed after the statute of limitations expired.  Plaintiff responded, arguing the amended complaint was served timely because the summons did not expire until September 15, 2023.  Plaintiff reiterated that Robert being deceased was a new fact requiring amendment of the complaint, and MCR 2.206(A)(2) allowed the estate to be added as a party.  The trial court denied the estate's motion for summary disposition under MCR 2.202.

On appeal, the estate argues the trial court erred in denying summary disposition because plaintiff's claim was barred by the statute of limitations, and the trial court erred in allowing plaintiff to amend his complaint by substituting the estate as a party.  We find that the trial court did not err because it reached the correct result, albeit for the wrong reason.

## II.  STANDARD OF REVIEW

This Court reviews "de novo a trial court's decision on a motion for summary disposition." *Bailey v Antrim Co*, 341 Mich App 411, 421; 990 NW2d 372 (2022) (quotation marks and citation omitted).  "A de novo review means [this Court] review[s] the legal issue independently, without deference to the lower court." *Bowman v Walker*, 340 Mich App 420, 425; 986 NW2d 419 (2022) (quotation marks and citation omitted).

"Summary disposition under MCR 2.116(C)(7) is appropriate when the undisputed facts establish that the plaintiff's claim is barred under the applicable statute of limitations." *Kincaid v Caldwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013).  "Generally, the burden is on the defendant who relies on a statute of limitations defense to prove facts that bring the case within the statute." *Id*.  "If there is no factual dispute, whether a plaintiff's claim is barred under the applicable statute of limitations is a matter of law for the court to determine." *Id*. at 523.  This Court reviews "de novo the question whether a claim is barred by the statute of limitations and the issue of the proper interpretation and applicability of the limitations periods." *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014).  This Court also reviews de novo whether a trial court properly interpreted and applied the relevant court rule. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

## III.  ANALYSIS

### A.  MCR 2.202: THE PLAINTIFF CANNOT SUBSTITUTE THE ESTATE FOR A NON-PARTY

The estate moved for summary disposition arguing plaintiff's amended complaint was improper under MCR 2.118(D).  The trial court did not address MCR 2.118 at the hearing on the estate's motion, instead denying the motion under MCR 2.202 (substitution of parties).  At the hearing, the estate argued MCR 2.202 typically involves substituting a new party when a party died during pending litigation, not before a claim was filed.  The trial court held MCR 2.202

"relates to both" circumstances. On appeal, the estate argues the trial court erred in applying MCR 2.202(A) to allow the substitution of the estate as a party for Robert. We agree.

To begin, plaintiff never moved for the *substitution* of the estate as a party. Plaintiff originally requested leave to amend his complaint to add a party, which was granted. Further, we disagree with the trial court's interpretation of MCR 2.202. "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." MCR 2.202(A). "A natural person may sue or be sued in his or her own name." MCR 2.201(C)(1). "A deceased person is no longer a natural person. This Court has addressed . . . instances in which plaintiffs sued deceased defendants and concluded that deceased persons cannot participate in litigation or be sued as a matter of law." *Black v Cook*, 346 Mich App 121, 137; 11 NW3d 563 (2023). Because Robert was deceased long before plaintiff filed his complaint, he could not be sued and could not be a party to this action. If Robert was never a party to plaintiff's lawsuit, it follows logically the estate could not be substituted for Robert because Robert was never a proper party.

## B. MCR 2.118: A PARTY WAS TIMELY ADDED TO THE COMPLAINT

The trial court did not address whether the estate could have been properly *added* as a party. The proper rule for amending a complaint to add a party is MCR 2.118 (amended and supplemental pleadings). In plaintiff's motion for leave to amend his complaint, plaintiff argued he was unaware Robert was deceased at the time of the complaint filing, and under MCR 2.118(A)(2), the discovery of this new fact necessitated the trial court grant his motion. In moving for summary disposition, the estate argued the amended complaint was time-barred by the statute of limitations.

Here, the parties did not dispute that, absent any tolling, pursuant to the statute of limitations, a complaint was required to be filed on or before February 6, 2023. Plaintiff timely filed his original complaint on February 6, 2023 against State Farm, in which Robert was also named (improperly) as a party. After that date, the trial court granted plaintiff leave to amend the complaint and add the estate as a party. However, an amendment is futile where the complaint is barred by the statute of limitations. See *Miller*, 477 Mich at 107-108 (holding the trial court correctly denied as futile the plaintiff's proposed amendment where the statute of limitations would bar the amended complaint). See also *Sanders v Perfecting Church*, 303 Mich App 1, 10; 840 NW2d 401 (2013) (holding that amending a complaint to add a medical malpractice claim barred by the statute of limitations was futile). So, unless the statute of limitations was tolled, amending plaintiff's complaint to add a new party would have been futile because it would have been time-barred by the statute of limitations.[5]

The statute of limitations is tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court

---

[5] On appeal, plaintiff asserts "our courts have long embraced the 'relation back' principle, allowing for amendments that emerge from identical conduct, transaction, or occurrences to relate back to the original filing date," citing *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007). Plaintiff, however, omits the portion of *Miller* explicitly stating "the relation-back doctrine does not extend to the addition of new parties." *Id.*

rules" or "[a]t the time jurisdiction over the defendant is otherwise acquired." MCL 600.5856(a) and (b); see also *Gladych v New Family Homes, Inc*, 468 Mich 594, 599; 664 NW2d 705 (2003) (If a plaintiff "does not perform any actions specified by [MCL 600.5856], the statute of limitations is not tolled and therefore the period of limitations continues to run after the complaint has been filed."). As we established, plaintiff filed his complaint exactly three years after the accident but he filed it on a deceased person rather than their estate. This filing did not toll the statute of limitations. However, MCL 700.3802 states that "[t]he running of a statute of limitations measured from an event other than death or publication for a claim against a decedent is suspended during the 4 months following the decedent's death but resumes after that time as to a claim not barred under this part." MCL 700.3802(2). With that in mind, the limitations period for plaintiff's claim against Robert was suspended for four months from the date of Robert's death, February 10, 2020. This additional four months, taken together with the three-year statute of limitations means that, absent any additional tolling, plaintiff had until June 6, 2023 to file a complaint against the estate, four months later than it would have expired if Robert did not die.

Plaintiff filed a complaint against the estate on April 16, 2023. However, the statute of limitations was still not yet tolled under MCL 600.5856(a) because, as mentioned above, the estate had previously closed and had to be reopened. Plaintiff filed a petition to reopen the estate on May 23, 2023. *This* action effectively tolled the statute of limitations. *Williams v Grossman*, 409 Mich 67, 88 n 27; 293 NW2d 315 (1980) (holding that filing to reopen an estate and appoint a personal representative "should operate as does filing a complaint and putting process in the hands of a process server . . . to toll the statute of limitation until a fiduciary is appointed provided that the plaintiff proceeds diligently in prosecuting the petition.").[6] This meant that plaintiff had 14 days[7] remaining to complete service to the estate once opened.

On July 10, 2023, the estate was reopened and a fiduciary appointed, at which time the statute of limitations again recommenced. Three days later, on July 13, 2023, the estate was served with the summons and amended complaint. At the time the estate was served, there were 11 days left on the statute of limitations (taking into account tolling, pursuant to MCL 700.3802(2) and *Williams*).

---

[6] We recognize that, generally speaking, the appointment of a representative should happen *before* the filing of a complaint against an estate. MCL 700.3104(1) ("a proceeding to enforce a claim against a decedent's estate or the decedent's successors shall not be revived or commenced before the appointment of a personal representative.") While it may be the case that the trial court erred when it issued an order that allowed the filing of an amended complaint, without including a provision in the order stating that the amended complaint could not be filed until a fiduciary was reappointed, defendant did not appeal that order, and defendant does not rely upon MCL 700.3104, which is not cited in defendant's brief. Regardless, even if the court erred by not including the above language in the order, such an error would arguably have been harmless because, even if the court had required plaintiff to wait until a fiduciary was appointed before filing the amended complaint, plaintiff would have had 14 days to file the amended complaint on or after July 10, 2023 (the date on which the successor fiduciary was appointed).

[7] The time period from May 23, 2023, to June 6, 2023, totals 14 days.

Plaintiff's lawsuit against the estate was not properly commenced as it pertained to Robert or the estate because plaintiff named Robert as the party, and Robert was already deceased when plaintiff filed the lawsuit. A deceased person cannot be party to a lawsuit. But plaintiff then amended his complaint in the circuit court to name the estate as a party and filed a petition in the probate court to reopen the estate. The estate was served with the amended complaint in this matter on July 13, 2023, which was three days after the successor personal representative was appointed, i.e., on a date in which 11 days remained in the limitations period. Thus, the trial court did not err when it denied defendant's motion for summary disposition.

## C. DISTINGUISHING OTHER OPINIONS

This Court recently published a decision on a similar case in which we affirmed the trial court's order granting summary disposition to the defendants where the plaintiff had sued two decedents without naming the decedents' estates. *Lashbrook v Grasak*, ___ Mich App ___; ___ NW3d___ (2025) (Docket No. 369669). There are two important differences between *Lashbrook* and the present case. First, the trial court in *Lashbrook* denied the plaintiff's request to substitute the deceased defendants' estates as parties, in the place of the decedents, and dismissed the case. *Id.*; slip op at 2-3. The plaintiff argued that the trial court was not required to dismiss the case in that situation. *Id.*; slip op at 3. We held that, assuming MCR 2.202(A)(1) even applied to this situation, the fact that the trial court was not *required* to dismiss the case does not equate with the trial court erring because it dismissed the case. *Id.*; slip op at 4-5. We also noted that our opinion did not suggest that, when a plaintiff filed suit against a deceased person, the trial court was forbidden from allowing amendment of the complaint to substitute the estate; rather, we simply clarified that the court rules were not written to address a situation in which a party sues a deceased person. *Id.*; slip op at 4 n 2. Under the facts of *Lashbrook*, where the plaintiff alleged to lack both actual and constructive knowledge of the defendants' deaths, and where the trial court subsequently learned that not only were the defendants pronounced dead at the scene of the accident, but that fact was contained in the police report (which plaintiff's counsel admitted to having reviewed), it was not error for the trial court to grant the motion for summary disposition. Second, unlike the plaintiff in *Lashbrook*, who took no steps to open the decedents' estates after receiving defense counsel's limited appearance to quash service of the complaint on the deceased defendants, plaintiff in the present case reopened the estate and served the personal representative before the statute of limitations expired.

Defendant relies, as persuasive authority, on a case that is likewise distinguishable from the facts of the present case, *Potter v Divine*, unpublished per curiam opinion of the Court of Appeals, issued June 20, 2013 (Docket No. 308878). In *Potter*, the plaintiff sued a deceased person and subsequently served the summons and complaint on the decedent's estate after an estate was opened, and moved the trial court to substitute the personal representative as the plaintiff, in place of the decedent, and the court granted the motion. *Id.*; slip op at 2. We reversed the trial court's order denying summary disposition because, *inter alia*, the second summons had *expired* weeks prior to the personal representative being served with the complaint. *Id.*; slip op at 5, 7. In the present case, the personal representative was served (on July 13, 2023) prior to the expiration of the second summons, which did not expire until September 15, 2023, and prior to the expiration of the statute of limitations, which was scheduled to expire on July 24, 2023.

## IV. CONCLUSION

To summarize, the accident that gave rise to this case occurred on February 6, 2020, when the vehicle driven by Robert struck the vehicle driven by plaintiff. So, absent any tolling, the period of limitations would have required a complaint to be filed against Robert on or before February 6, 2023. But, Robert died on February 10, 2020. As a result, the limitations period for a civil action against Robert's estate was tolled for four months, pursuant to the tolling provision in EPIC, meaning the statute of limitations was extended to June 6, 2023 (as to Robert's estate). The present lawsuit was filed against Robert and State Farm Mutual Automobile Insurance Company on February 6, 2023, but the statute of limitations was not tolled at that time, as to Robert or his estate, because Michigan law does not allow a decedent to be sued. On April 10, 2023, the trial court entered an order granting leave to plaintiff to file an amended complaint adding the estate. On April 16, 2023, plaintiff filed an amended complaint adding the estate, and the trial court issued a summons with an expiration date of September 15, 2023. On May 23, 2023, a petition was filed by plaintiff to reopen the estate, which once again tolled the statute of limitations as to the estate, until a fiduciary was appointed, pursuant to *Williams*. At the time the statute of limitations was tolled on May 23, 2023, there were 14 days left in the limitations period (i.e., 14 days between May 23, 2023 and June 6, 2023). On July 10, 2023, the estate was reopened, a fiduciary was appointed, and the limitations period began to run again, as a result. Three days later, on July 13, 2023, the estate was served with the summons and complaint with eleven days left in the limitations period. Had the estate not been timely served with a summons and complaint, the statute of limitations would have expired on July 24, 2023, that is, 14 days after the estate was reopened on July 10, 2023.

Under the very unique facts of the present case, we cannot hold that the trial court erred when it denied defendant's motion for summary disposition. As the higher courts in Michigan have stated many times, it is not possible to sue a deceased person in this state.[8] But, in the present case, after doing just that, i.e., suing a deceased person, plaintiff took the steps necessary to reopen the probate estate and serve the personal representative with a summons and complaint within the requisite time. We again note, however, because plaintiff reopened the estate after the estate's assets were distributed, "recovery of money damages is limited to sources other than assets of the probate estate theretofore distributed, e.g., to sources such as the estate's right of indemnification from an insurer . . . ." *Williams*, 409 Mich at 78.

Affirmed.

/s/ Adrienne N. Young
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace

---

[8] See, for example, *Williams*, 409 Mich at 81; *Lashbrook*, ___ Mich App at ___; slip op at 3; *Black*, 346 Mich App at 137.